UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.J.B. HILLIARD, W.L. LYONS, LLC,

    Plaintiff,                                         Case No. 1:12-cv-605

v                                                      HON. JANET T. NEFF

JONATHAN T. MELGES *et al.,*

    Defendants.

_____/

**TEMPORARY RESTRAINING ORDER**

Pending before the Court is a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction (Dkt 5) filed by Plaintiff J.J.B. Hilliard, W.L. Lyons, LLC (Hilliard Lyons). Defendants have not yet filed a response to the Motion, although chambers was advised by defense counsel of their receipt of the motion, and attorney appearances have been filed on behalf of Defendants.

**I**

Defendants are former employees of Hilliard Lyons who resigned en masse on Friday, May 25, 2012, to work for Raymond James & Associates, Inc. (Raymond James), apparently a direct competitor of Plaintiff in the financial services industry. Plaintiff alleges that while Defendants were still employed with Plaintiff, they downloaded information from four Hilliard Lyons computers onto multiple USB storage devices in the days and weeks leading up to their resignations and removed this information from Hilliard Lyons premises. Plaintiff contends that Defendants' collective conduct violates various contractual obligations and company policies and applicable rules and

regulations that are designed to safeguard confidential information and prevent the unauthorized disclosure of such information. On June 12, 2012, Plaintiff filed this lawsuit against Defendants, alleging the following six counts in its Verified Complaint:

    I.      Conversion
    II.     Breach of Contract/Duties Owed to Hilliard Lyons
    III.    Breach of Fiduciary Duty
    IV.    Misappropriation of Trade Secrets
    V.     Unfair Competition
    VI.    Civil Conspiracy

Plaintiff accompanied its Verified Complaint with the pending motion for emergency relief, seeking both a TRO and leave to conduct expedited discovery.

## II

The issuance of a temporary restraining order lies within the discretion of the district court. *NE Ohio Coalition for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). *See* FED. R. CIV. P. 65. To determine whether a TRO should issue, courts consider (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent an injunction, (3) whether the issuance of an injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuing an injunction. *NE Ohio Coalition, supra.* "'These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.'" *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991)).

Further, "the likelihood of success that need be shown will vary inversely with the degree of injury the plaintiff will suffer absent an injunction." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985) (quoting *Metropolitan Detroit Plumbing & Mech. Contractors Ass'n v. Dep't of HEW*, 418 F. Supp. 585, 586 (E.D. Mich. 1976)). "'[I]t is ordinarily sufficient if the plaintiff has

raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 543 (6th Cir. 2007) (quoting *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997)).

Having reviewed Plaintiff's Verified Complaint, motion and accompanying brief, the Court determines that the balance of the factors weighs in favor of issuance of a TRO. The Court finds that the public interest, specifically its interest in protecting the confidentiality of financial information, would be served by the issuance of a TRO. The Court further finds that Plaintiff's claims provide fair grounds for litigation, that Plaintiff may suffer irreparable injury to its business operations absent a TRO, and, conversely, that issuance of a TRO would not cause substantial harm to Defendants in the short term.

The question here is how much, or which, form of relief is necessary to maintain the status quo of the parties until the Court can conduct a thorough inquiry on the request for a Preliminary Injunction and have the benefit of a more complete record. The Court is convinced that the status quo will be sufficiently maintained by temporarily restraining the use, transmittal, destruction, deletion, reference or divulgement of any records, documents, or information contained on the USB devices. Further, the Court will require Defendants to have the USB devices available for production at the motion hearing.

## III

The Court turns next to Plaintiff's concomitant request to commence discovery on short notice (Pl.'s Proposed TRO, Dkt 6-2 at 4, ¶ 5). This Court has discretion to order expedited discovery. FED. R. CIV. P. 26(d) provides that "[a] party may not seek discovery from any source

before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Decisions from courts within this Circuit have applied a "good cause" standard in determining whether to permit discovery in advance of a Rule 26(f) conference.

The Court determines that Plaintiff has not demonstrated good cause for its request where (A) Plaintiff has had the advantage of time since Defendants' resignations on May 25, 2012; and (B) the scope of the discovery Plaintiff seeks is not limited but broadly stated as "discovery ..., including depositions and request for documents, immediately in aid of preliminary injunction proceedings before this Court" (Pl.'s Proposed TRO, Dkt 6-2 at 4, ¶ 5).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Dkt 5) is GRANTED IN PART and DENIED IN PART. Specifically, the motion is granted inasmuch as Defendants and any other person or entity acting on Defendants' behalf, their agents, servants, employees, employer, representatives, successors, assigns, and all persons acting in concert with them, including their new employer Raymond James, are TEMPORARILY RESTRAINED until further Order of this Court from using, transmitting, destroying, deleting, referring to, or divulging, for any purpose in any form (including without limitation original, copied, computerized, handwritten or any other form), any records, documents, or information contained on the USB devices referenced above. Plaintiff's request for other forms of temporary injunctive relief and its request for expedited discovery are denied.

**IT IS FURTHER ORDERED** that the parties shall appear in this Court on **Thursday, June 21, 2012, at 10:00 a.m.**, 401 Ford Federal Building, 110 Michigan Street NW, Grand Rapids,

Michigan for a hearing on Plaintiff's remaining request for a Preliminary Injunction (Dkt 5). Defendants shall have the USB devices, referenced above, available for production at the Motion Hearing. Counsel for both sides shall be prepared to orally discuss at the Motion Hearing any contractual arbitration provisions that bind the parties.

**IT IS FURTHER ORDERED** that Defendants shall file a Response to Plaintiff's Motion for a Preliminary Injunction (Dkt 5) **no later than 5:00 p.m. on Tuesday, June 19, 2012.**

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire when the Court issues an Order granting or denying the request for a Preliminary Injunction, unless the Court subsequently sets an earlier date for its expiration.

**IT IS SO ORDERED** this 13th day of June, 2012 at 2:00 p.m.

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge